IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGIA AUFLEGER, an Individual, | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL ACTION CAUSE NUMBER |
| EASTEX CRUDE COMPANY, a Texas General Partnership, ROGUE RESOURCES, INC., a Texas Corporation, NESTE CRUDE OIL, INC., a Delaware Corporation, and THOMAS O. HANKS and KAREN HANKS, Individually, | § § § § § § § | 2:05-CV-310-J |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CLAIM**

Before the Court is the Defendants' Rule 12(b)(6) motion to dismiss Plaintiff Aufleger's state-law based claim of illegal retaliatory discharge based upon her having filed for unemployment compensation benefits. For the following reasons the Defendants' motion is granted because Plaintiff has failed to state a claim upon which relief may be granted under Texas law.

**Legal Standards**

The federal rules require that a pleading need only furnish a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. Pro. 8(a). Rule 12(b)(6) motions test the formal sufficiency of a complaint against the liberal pleading requirements of Rule 8. C. Wright & A. Miller, 5 <u>Federal Practice and Procedure</u> § 1356 at 590 (1969).

As the Supreme Court has stated,

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a

> limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. ...
>
> "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted).

*Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). *See also Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 172, 87 S.Ct. 1526, 1529, 18 L.Ed.2d 704 (1967); *Bruce v. First Federal Sav. & Loan Ass'n of Conroe, Inc.*, 837 F.2d 712, 713 (5th Cir. 1988).

**Discussion and Analysis**

Generally speaking Texas subscribes to the traditional rule that, absent a specific contract term to the contrary, either the employer or the employee may terminate the employment relationship at anytime, for any reason. Almost a century ago, in *Eastline & R. R. R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99 (1888), the Texas Supreme Court wrote:

> It is very generally, if not uniformly, held, when the term of service is left to the discretion of either party, or the terms left indefinite, or determinable by either party, that either may put an end to it at-will, and so without cause. 10 S.W. at 102.

This rule has long been consistently followed. *Maus v. National Living Centers, Inc.*, 633 S.W.2d 674, 675 (Tex. App.--Austin 1982, *writ refused n.r.e.*); *United Services Automobile Association v. Tull*, 571 S.W.2d 551 (Tex.Civ.App.-San Antonio 1978, *writ ref'd n. r. e.*); *Scruggs v. George A. Hormel & Co.*, 464 S.W.2d 730 (Tex.Civ.App.-Dallas 1971, *writ ref'd n. r. e.*).

Plaintiff Aufleger "has a compensable legal claim, if and only if, this jurisdiction [Texas] will recognize an exception to the traditional employment at-will doctrine for firings inspired by

retaliatory motives." *Maus v. National Living Centers, Inc.,* 633 S.W.2d 674, 675 (Tex. App.--Austin 1982, *writ refused n.r.e.).* This "potential legal wrong" is referred to as "retaliatory discharge." *Id.* The rule in Texas "is that the traditional notion that an employer may fire an at-will employee at any time, for any reason" should not be "modified even where the motive for the firing violates a substantial, stated public policy," unless the Texas Legislature or the Texas Supreme Court should decide to the contrary either by passing new legislation creating such a retaliatory discharge cause of action or by holding such a cause of action is required by public policy. *Id.*

The Texas legislature has not created any cause of action in tort or contract as a remedy for those fired in retaliation for their efforts to obtain unemployment benefits. Further, the Texas Supreme Court has not held that such a termination is actionable. Plaintiff cites no cases or statutes creating any such cause of action.

Plaintiff has the burden of proving a causal link between the discharge and a legally protected activity. *See, e.g. Garcia v. Allen*, 28 S.W.3d 587, 600 (Tex.App.-Corpus Christi 2000, *pet. denied*)(for example, illegal discharges for filing workmen's compensation claims). This causal connection is an element of the employee's *prima facie* case. *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir.1995); *Allen*, 28 S.W.3d at 600. In this pendant state-law based wrongful discharge claim, this Court is *Erie*-bound to follow the decisions of the Texas Supreme Court and the Texas legislature. *Erie R. Co. v Tompkins*, 304 US 64, 82 L Ed 1188, 58 S Ct 817 (1938). Given the current state of Texas law, Plaintiff Aufleger has not pled a claim upon which she may obtain relief. Therefore this one claim, her third enumerated claim, must be dismissed.

**Conclusion**

For the foregoing reasons Defendants' motion to dismiss is granted and Plaintiff's claim of retaliatory discharge because of her filing for unemployment compensation benefits is hereby dismissed.

It is SO ORDERED.

Signed this the ___28th___ day of July, 2006.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE