**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

| | | |
|---|---|---|
| GEORGIA AUFLEGER, an Individual, | § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL ACTION CAUSE NUMBER |
| EASTEX CRUDE COMPANY, a Texas General Partnership, ROGUE RESOURCES, INC., a Texas Corporation, NESTE CRUDE OIL, INC., a Delaware Corporation, and THOMAS O. HANKS and KAREN HANKS, Individually, | § § § § § § § | 2:05-CV-310-J |
| DEFENDANTS. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF CLASS NOTICE**

Before the Court is the Plaintiff Aufleger's opposed motion for issuance of a FLSA notice to a "pre-certified class" of potential opt-in class plaintiffs. For the following reasons Plaintiff's motion is denied.

**Legal Standards**

Section 216(b) of Title 29, U.S. Code, states that an "action to recover the liability" for failure to pay wages or overtime "may be maintained against any employer ... in any Federal ... court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." To determine if employees are "similarly situated," courts consider many factors. For example, whether members of the proposed class come from different departments, groups, organizations, sub-organizations, units and local offices within a defendant's organization. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)(citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D. N.J. 1987). Whether the proposed opt-in plaintiffs perform

different jobs at different geographic locations, and were they subject to different job actions which occurred at various times as a result of various decisions by different supervisors made on a decentralized and/or employee-by-employee basis. *Id.* at 1213. In addition, courts look at "numerosity," "commonality," "typicality" and "adequacy of representation" to determine whether a class should be certified. *Id.* at 1214 (discussing Rule 23's application to FLSA class actions).

Plaintiff bears the burden of proving that notice is appropriate and that a potential class of similarly-situated employees exists. *Hoffman-LaRoche Inc. v. Sperling*, 110 S. Ct. 482, 486 (1989); *Haynes v. Singer Co.,* 696 F.2d 884, 887 (11th Cir. 1983).

**Discussion and Analysis**

Plaintiff concedes in her motion for issuance of a FLSA class notice that she must at some point show that the proposed action meets the class numerosity and "similarly situated" requirements. Plaintiff concludes that the numerosity and similarity requirements, as well as all of the other requirements for class notice, have been shown to have been met here. Defendant does not agree, contending that neither the numerosity nor the similarity requirements are met in this case.

Plaintiff Georgia Aufleger was employed in a clerical position at Eastex's Pampa, Texas, truck terminal. She was the sole clerical employee in that office; all of the other employees at that office were truck drivers. Plaintiff never worked at any other Eastex facility. Defendant contends that her job duties during the time she was employed did not require her travel and resulted in only limited interaction with personnel at other locations, consequently she has limited, if any, knowledge of Eastex's operations beyond its Pampa facility. There is no evidence to the contrary in this record.

Plaintiff's affidavit in support of her motion does not state facts showing that the numerosity and similarity requirements for class notice have been met in this case. Aufleger does not identify any other employees who performed duties similar to hers, show that any of the Defendants similarly

2

failed to pay that class of employees for all time worked, or state a number of similarly aggrieved employees sufficient for a class action. Likewise, she does not identify any other facilities within the companies sued where employees held the same or similar jobs that she did with Eastex. Plaintiff Aufleger is the sole proposed class representative.

Plaintiff has failed to establish that class notice is appropriate in this case. There is no other evidence in the record from which this Court can find that there exists a numerous class of similarly-situated employees. Accordingly, there is no reasonable basis on which this Court could identify a class of persons "similarly-situated" to the Plaintiff which are numerous enough for this case to proceed as a class action. For these reasons this motion is denied.

However, there appears nothing in this record that would prevent the Court from modifying or reversing this denial at a later time, as new facts emerge and are brought to the Court's attention. For this reason Plaintiff's motion is denied without prejudice to her again moving for class certification after the end of the Rule 16 discovery deadline.

## Conclusion

For the foregoing reasons Plaintiff's motion for the Court to order issuance of a FLSA opt-in notice to a class of similarly situated employees is denied without prejudice.

It is SO ORDERED.

Signed this the   31st   day of July, 2006.

                                          /s/ Mary Lou Robinson
                                          **MARY LOU ROBINSON**
                                          UNITED STATES DISTRICT JUDGE